UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE HOWARD,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 11-1651-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 20, 2011, Jasmine Howard ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on January 19, 2012. On June 1, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 21 year old female who, on April 7, 2009, filed an application for child's insurance benefits based on disability and also filed an application for supplemental security income on that same date. (AR 9.) In both applications, Plaintiff alleged disability beginning September 28, 1998. (AR 9.) At the April 1, 2011 hearing, Plaintiff waived her disability claim as a child and pursued her claim as an adult only. (AR 9.) Plaintiff has not engaged in substantial gainful activity since September 28, 1998, the alleged onset date. (AR 11.)

Plaintiff's claims were denied initially on September 8, 2009, and on reconsideration on February 22, 2010. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Tamara Turner-Jones on April 1, 2011, in San Bernardino, California. (AR 22-57.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 9.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 9.) The ALJ issued an unfavorable decision on June 17, 2011. (AR 9-17.) The Appeals Council denied review on September 13, 2011. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.  Whether the ALJ properly considered the treating psychiatrist's opinion.
2.  Whether the ALJ provided a complete and accurate assessment of Plaintiff's residual functional capacity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

2

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 28, 1998, the alleged onset date. (AR 11.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: borderline intellectual functioning, anxiety disorder, and major depressive disorder. (AR 11.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12.)

The ALJ then found that the Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> Claimant is able to sustain attention in 2 hour blocks of time and is limited to simple routine repetitive tasks in a work environment free of production requirements. She is able to appropriately respond to coworkers, supervisors and the public. She has no exertional or postural limitations. She should avoid concentrated exposure to pulmonary irritants. She has marginal reading skills.

(AR 13.) In determining this RFC, the ALJ also made an adverse credibility determination (AR 14), which is not challenged here.

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 16.) The ALJ, however, did find that considering the claimant's age, education, work experience, and residual functional capacity (RFC), there were jobs existing in significant numbers in the national economy that Plaintiff can perform, including cleaner-housekeeping, ironer, and laundry worker. (AR 16-17.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act from September 28, 1998, through the date of the ALJ decision of June 17, 2011. (AR 17.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Dr. Castillo, Plaintiff's treating psychiatrist. The ALJ's RFC was properly assessed in regard to Plaintiff's marginal reading skills.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

Both issues raised by Claimant concern the ALJ's RFC. An RFC is not a medical determination but an administrative finding based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883. The ALJ's RFC is supported by substantial evidence.

### A. The ALJ Properly Discounted Dr. Castillo's Testimony

Plaintiff's first challenge to the ALJ's RFC is that the ALJ improperly discounted the opinion of Dr. Castillo, Plaintiff's treating psychiatrist. The Court disagrees.

#### 1. Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the

6

treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

        2.       Analysis

In a March 28, 2011, letter, Dr. Castillo stated Plaintiff had generalized anxiety disorder, major depressive disorder and development delay. (AR 466.) An accompanying medical report states Plaintiff can work part-time but is unable to work a full-time job. (AR 467.) Dr. Castillo's letter and report do not make reference to any tests or objective medical evidence. Thus, the ALJ gave "limited weight" to Dr. Castillo's opinions because they are "not supported by the claimant's records, including Dr. Castillo's own treatment records for the claimant and are inconsistent with the claimant's activities of daily living." (AR 15.) These are specific, legitimate reasons supported by substantial evidence for rejecting Dr. Castillo's opinions.

The ALJ noted that Claimant's academic and medical records do not address her ability to perform work and Dr. Castillo's "blanket statement without objective evidence is not binding on the undersigned and is not persuasive." (AR 15.) An ALJ may reject a treating physician's

opinion if it is brief, conclusory and unsupported by objective medical evidence of alleged limitations. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004). Plaintiff argues that the ALJ does not provide any evidence to support the conclusion that Dr. Castillo's opinion is not supported by Claimant's records. The burden, however, is on Plaintiff to cite to objective medical evidence in the record that would support Dr. Castillo's opinion. Plaintiff fails to do so. An ALJ may disregard a treating physician's opinion "which is brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." Magallanes, 881 F.2d at 751 (internal quotations and citation omitted).

In any event, the ALJ did discuss Plaintiff's academic and medical records, noting that Plaintiff graduated high school (AR 13), is able to use public transportation and go out alone (AR 13), and her school evaluators did not opine Claimant was unable to work. (AR 14.) Plaintiff's doctor who was treating her with anxiety related to school stated she was responding to medication, doing well, and working on a long term employment and education plan. (AR 16.) This evidence does not support Dr. Castillo's RFC assessment.

Dr. Castillo's opinion also is contradicted by other medical evidence. Consulting psychological examiner Dr. Harrell Reznick performed a complete psychological examination, including a mental status exam and four different tests. (AR 15, 269-75.) Dr. Reznick concluded Plaintiff could perform simple, repetitive tasks with minimal supervision and is able to perform these tasks with appropriate persistence and pace over a normal cycle." (AR 15, 274.) He found Claimant able to understand, remember all simple, some moderately complex, and no complex verbal instructions. (AR 15, 274.) Dr. Reznick also found that Plaintiff can tolerate ordinary work pressures and is able to interact with others in the workplace "within the constraints of her mild cognitive impairment." (AR 274.) Dr. Reznick's opinions constitute substantial evidence because they rest on his own independent examination. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). State agency physicians also found Plaintiff able to perform work. (AR 15-16.) A non-examining physician's opinion can constitute substantial evidence when consistent with independent clinical findings or other evidence of record.

Thomas, 278 F.3d at 957. The ALJ gave "great weight" to the opinions of Dr. Reznick and State agency doctors. (AR 15-16.)

Nor did the ALJ have any duty to recontact Dr. Castillo to obtain clarification or additional evidence from him, as Plaintiff contends. An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination. Bayliss, 427 F.3d at 1217. Here, the ALJ did not find Dr. Castillo's report and opinion ambiguous or insufficient. He rejected Dr. Castillo's opinion because it was not supported by objective evidence. The ALJ, with support in the record, found other evidence adequate to make a determination of disability. Id. There was no duty to recontact. Id.

The ALJ also discounted Dr. Castillo's opinion that Plaintiff is unable to work full-time because it is inconsistent with Plaintiff's daily activities. The ALJ earlier in the decision identified these activities. The ALJ noted Claimant can perform her personal care independently and also perform household chores. (AR 13.) She is able to use public transportation and go out alone. (AR 13.) She filled out an application for cosmetology school on her own. (AR 14.) She transitioned from special education classes to regular classes and graduated high school. (AR 14.)

Based in part on these daily activities, which are inconsistent with a total preclusion of full-time work, the ALJ discounted Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms to the extent inconsistent with the ALJ's RFC. (AR 14.) Daily activities inconsistent with alleged symptoms are a valid basis for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Plaintiff did not challenge the ALJ's adverse credibility determination. Plaintiff's inconsistent daily activities, then, also are a valid basis for discounting Dr. Castillo's opinion, which does not discuss them.

Plaintiff disagrees with the ALJ's interpretation of the evidence but the ALJ is responsible for resolving conflicts in the evidence. Andrews, 53 F.3d at 1039, and an ALJ's interpretation of the evidence if reasonable should not be second-guessed. Here, the ALJ's interpretation was reasonable and must be upheld.

The ALJ provided specific, legitimate reasons supported by substantial evidence for discounting Dr. Castillo's opinion that Plaintiff cannot work.

### B. The ALJ's RFC Properly Considered Plaintiff's Marginal Reading Skills

Plaintiff's next challenge to the ALJ's RFC is that the ALJ "clearly erred by failing to clarify" the meaning of the ALJ's RFC limitation to "marginal reading skills." As a result, claims Plaintiff, the VE testimony was insufficient to determine if Plaintiff could perform other jobs in the national economy. This argument has no merit.

The ALJ's RFC provides that Plaintiff has marginal reading skills. (AR 13.) Based on the RFC and vocational expert testimony, the ALJ found at step five of the sequential process that Plaintiff could perform jobs in the national economy. (AR 16-17.) More specifically, the ALJ asked the VE to assume a hypothetical individual who had "at least a high school education, but whose reading skills are at the marginal reading level, <u>as defined under the regulation of sixth grade or less</u>." (AR 53.) Social security regulations treat education as a vocational factor and classify education in tiers, including illiteracy, marginal education (sixth grade or less), limited education (seventh through eleventh grade), and high school education and above. 20 C.F.R. § 416.964. The regulation states that a marginal education (6th grade or less) "means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 416.964(b)(2). Even a limited education (7th grade through 12th grade) would not permit one to do "most of the more complex job duties needed in semi-skilled and skilled jobs." 20 C.F.R. § 416.964(b)(3). A high school education is generally considered necessary to do semi-skilled through skilled work. 20 C.F.R. § 416.964(b)(3).

Here, despite Claimant's high school education and Dr. Reznick's opinion that she can perform moderately complex tasks, the ALJ imposed more severe limitations than those factors otherwise would indicate, based on Claimant's testimony at the hearing. (AR 15, 16.) He found she had marginal reading skills and limited her to simple routine repetitive tasks (AR 13) consistent with 20 C.F.R. § 416.964(b)(2). With these RFC limitations, the VE testified that Plaintiff could perform jobs in the national economy.

10

The ALJ did not fail to clarify the meaning of "marginal reading skills." The ALJ's reference to 20 C.F.R. § 416.964(b)(2) in his question to the VE clarified the meaning of the limitation sufficiently for the VE to determine that there are jobs in the national economy that Plaintiff can perform. Plaintiff does not mention the ALJ's question to the VE or acknowledge or discuss the Social Security regulation referenced by the ALJ in his question to the VE. Plaintiff does not explain how the ALJ's question was unclear or could be made clearer, nor does she provide any basis for questioning the sufficiency of the VE's testimony about Plaintiff's ability to work.

The ALJ's RFC properly considered Plaintiff's marginal reading skills. The VE's testimony that Plaintiff could perform jobs in the national economy was supported by substantial evidence. The ALJ reasonably relied on the VE's testimony. Bayliss, 427 F.3d at 1216. The ALJ's step five determination that Plaintiff could perform jobs in the national economy was supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 25, 2012            */s/ John E. McDermott*
                                       JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE